Charles Johnson, Appellee, v. J. C. Hollis et al., Appellees; Clarence Swisher, Appellant.

April 3, 1928.

*Genung & Genung* and *Orr & Anderson*, for appellant.

*R. J. Swanson*, for plaintiff, appellee.

Evans, J.—Swisher pleaded no other defense to the note than that he was legally released therefrom by the failure of the plaintiff to sue Hollis after oral notice to him by Swisher.

Section 9457, Code of 1924, provides a method whereby a

surety may require a suit to be brought against the principal maker, and whereby he may be released if the holder of the note  refuses to follow the procedure pointed out therein. Under this section, it was requisite that Swisher, in order to work his release, should give notice *in writing*. Swisher gave notice orally, and not otherwise. An oral notice does not meet the requisites of the statute. The defense, therefore, was not valid.

It is urged, however, by Swisher that the extension of the note worked a release of the surety. It is not contended that any formal written extension was executed by the plaintiff, but  that he orally consented to let the note run, upon payment of interest. Whether this constituted a valid and enforcible extension of the note, we need not determine. The note by its express terms contained the consent of all parties thereto to all extensions which might be made. This defense, therefore, was not available.

In the course of the trial, Swisher filed an amended answer, purporting to set up a waiver of the requisite of the statute that the notice be in writing. The motion of plaintiff to strike such answer on various grounds, including the lateness of the filing, was sustained by the court. No error is assigned upon this ruling, although some complaint thereof is made in argument. Nothing is disclosed in the record as showing an abuse of discretion by the court. Nor, indeed, were the facts set up in such amended answer sufficient to constitute a waiver. Nor were they sufficient to constitute an estoppel, as claimed by appellant in his argument, though he did not, in fact, purport to plead an estoppel, nor to predicate any error on the ruling.

We find no valid ground for reversal of the judgment below. The judgment is, accordingly,—*Affirmed.*

All the justices concur.